UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES K. LONZ,
BRIDGITTE LONZ

                    Plaintiffs,        Case No. 04-60206

vs.                                     HONORABLE MARIANNE O. BATTANI
                                              HONORABLE STEVEN D. PEPE

CONTINENTAL CASUALTY CO.,
                    Defendant.
_____/

ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL (#20)

Following a telephonic hearing on June 8, 2005, and for reasons stated on the record, Defendant's Motion to Compel is GRANTED IN PART.

In its motion, Defendant argues that Plaintiffs were two months tardy in their response to Defendant's requests, and thus has waived any and all objections. It bases this argument on FRCP 33(b)(3)-(4) and FRCP 34, with supporting case law, that failure to object in a timely manner waives any objections. *See* 8 C. Wright, A. Miller & R. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2173 and the extensive case authority cited therein. Plaintiffs' counsel have not shown any substantial justification or good cause for the failure to comply with the rules.

Rather Plaintiffs argue that Defendant's requests for privileged information is improper, and should not be allowed, the harm in allowing such discovery outweighs the harm of their delay in filing objections, and finally that Defendant is not prejudiced by this delay, and its counsel have been guilty of delay as well. These arguments are insufficient to avoid a determination that they waived any claims of privilege. Yet, Judge Battani had issued orders limiting discovery to issue of class certification and delaying discovery on the merits until the

class questions are resolved. This order is clearly intended to assure that merits discovery does not interfere with the August time limitations set on the discovery regarding the class certification. Plaintiffs contend that certain of the discovery sought by Defendant went beyond Judge Battani's scheduling order. Given the nature of this order to assure a timely sequence of the pretrial discovery, it is not clear it would be modified by counsel even by a written stipulation under Fed. R. Civ. P 29. Such a directive by the Court is not one that should be deemed waived by a tardy response to discovery retests. Thus, the requested documents will be reviewed *in camera* to determine if they are needed on the class certification issue.

Accordingly, it is ordered that:

1. On or before June 13, 2005, Plaintiffs shall provide the undersigned with the seven letters currently in contention for an *in camera* inspection. The documents will be reviewed to determine whether they are subject to discovery under Rule 26(b) relevant to the class certification standards of Rule 23(a) in accordance with Judge Battani's order

2. Plaintiff has a continuing obligation under Rule 26(e) to provide the requested information for any individuals who will be providing an affidavit on the class certification issue. If any such affidavits are to be used, they must be provided to defense counsel within three days of their signing, and no later than August 5, 2005.

3. Defense counsel will provide the undersigned with his billable rate and the hours expended in preparing this motion. The issue of sanctions under Rule 26 is reserved until a completion of the document review.

Any party may file objections to this order within ten (10) days of service of this order pursuant to FED. R. CIV. PROC. 72(a) and Local Rule 72.1(d).

SO ORDERED.

Dated: June 9, 2005                s/STEVEN D. PEPE
      Ann Arbor, Michigan          UNITED STATES MAGISTRATE JUDGE

Certificate of Service

I hereby certify that on June 09, 2005, I electronically filed the foregoing order with the Clerk of the Court using the ECF system which will send notification of such filing to the following: H. Nathan Resnick, E. Powell Miller, and Erin J. Stovel, Nakisha Chaney, January Dragich, Scott Knapp, Kathleen Lang, and Ann Miller.

        s/William J. Barkholz
Courtroom Deputy Clerk