UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES K. LONZ,
BRIDGITTE LONZ

                Plaintiffs,         Case No. 04-60206

vs.                                  HONORABLE MARIANNE O. BATTANI
                                    HONORABLE STEVEN D. PEPE

CONTINENTAL CASUALTY CO.,
                Defendant.
_____/

## MEMORANDUM OPINION AND ORDER ON IN CAMERA INSPECTION

Following an *in camera* review of disputed documents submitted by Plaintiff pursuant to an order dated June 9, 2005, it is determined that nothing in these documents is relevant, or likely to lead to the discovery of any evidence relevant to class certification standards of FED. R. CIV. P. 23(a). Because Judge Battani's pretrial order has bifurcated discovery on class certification and deferred discovery on the merits, these documents will not be disclosed.[1]

Although Defendant's motion with respect to compelling production of these documents particular documents is denied, it is apparent that the filing of the motion to compel was necessary to motivate Plaintiffs to cooperate with legitimate discovery. These twenty-three interrogatories and twenty document requests, the bulk of which properly deal with class certification issues, were sent to Plaintiff on February 17, 2005. Responses were due by March 21. On April 20 and April 26, 2005, Defendant's counsel asked Plaintiffs' counsel to respond to

---

[1] Because the purpose of the *in camera* review was to determine relevance to the class certification issue, this determination is not intended to suggest that these documents are material to the merits question.

the requests. When neither responses nor a request for an extension of deadlines were made, the motion to compel was filed on May 9, 2005. On May 23, 2005, Plaintiffs finally responded to the February 17 discovery requests, over two months after the responses were due. FED. R. CIV. P. 37 (a)(4) provides for an award of reasonable expenses in bringing a motion to compel where the "requested discovery is provided after the motion was filed." Plaintiffs' counsel have demonstrated no substantial justification for the delay in responding. Yet, because Defendant was ultimately unsuccessful on the issue that came on for hearing, Plaintiffs counsel will be responsible for only a portion of Defendant's expenses. Based in part on defense counsel's submission of costs and expenses billed his client, it is found $1,500 in attorney fees and costs as a reasonable award of expenses.

Accordingly, IT IS ORDERED that:

1. Plaintiffs' seven letters, having been reviewed by the undersigned, are not relevant to the class certification standards and need not be produced;

2. Plaintiffs's shall pay to the defense $1,500 for expenses within 14 calendar days of this order.

Any party may file objections to this order within ten (10) days of service of this order pursuant to FED. R. CIV. PROC. 72(a) and Local Rule 72.1(d).


SO ORDERED.


Dated: June 24, 2005                             s/STEVEN D. PEPE
       Ann Arbor, Michigan                       UNITED STATES MAGISTRATE JUDGE

Certificate of Service

      I hereby certify that on June 24, 2005, I electronically filed the foregoing order with the Clerk of the Court using the ECF system which will send notification of such filing to the following: H. Nathan Resnick, E. Powell Miller, and Erin J. Stovel, Nakisha Chaney, January Dragich, Scott Knapp, Kathleen Lang, and Ann Miller.

                                                s/William J. Barkholz
                                                Courtroom Deputy Clerk